**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DONALD E. ARMSTRONG,

Petitioner-Appellant,

v.

HONORABLE TOM R. CORNISH;
KENNETH A. RUSHTON, Trustee,

Respondents-Appellees.

No. 03-4120
(D.C. No. 2:02-CV-1279-B)
(D. Utah)

ORDER AND JUDGMENT[*]

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Donald E. Armstrong appeals the district court's dismissal of his petition for writ of mandamus for failure to pay the filing fee. He further appeals the imposition by the district court of an injunction requiring him to meet certain preconditions before filing further actions in the district court. After our review of the record, the applicable law, and the submissions of the parties, we affirm in part and vacate in part.

Dissatisfied with the course of his Chapter 11 bankruptcy proceeding, Armstrong filed a petition for writ of mandamus in the district court requesting that the Honorable Tom R. Cornish be ordered to transmit Armstrong's emergency motion for withdrawal of the reference to the district court. He also requested an order requiring Judge Cornish to recuse from the bankruptcy matter and an order staying his Chapter 11 case and all related proceedings until certain appeals were decided by this court. Additionally, Armstrong filed a motion to proceed in forma pauperis.

The district court denied the in-forma-pauperis motion on December 10, 2002, and the record contains the clerk's certificate of service indicating that the order was either mailed, faxed, or e-mailed to Armstrong. R. Vol. I, Doc. 2 at 2. But Armstrong denies having received the order. Armstrong did not pay a filing fee for his mandamus petition, and in an order dated April 25, 2003, the district

court dismissed the mandamus petition for failure to pay the filing fee. We will address the issues surrounding this dismissal first.

Dismissal of the petition for writ of mandamus

Armstrong argues that he did not receive notice of the denial of his in-forma-pauperis motion and, therefore, did not know that his mandamus petition risked dismissal for failure to pay the filing fee. "When mail matter is properly addressed and deposited in the United States mails, with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail." *Crude Oil Corp. v. Comm'r*, 161 F.2d 809, 810 (10th Cir. 1947). The evidence in the record that the district court clerk sent the denial order to Armstrong establishes the presumption that he received it. Armstrong's denial of receipt, however, while not rebutting the presumption, does raise an issue of fact as to whether receipt actually occurred. *Bd. of County Comm'rs v. Coleman Am. Props., Inc. (In re Am. Props., Inc.)*, 30 B.R. 235, 238 (Bankr. D. Kan. 1983). In some instances, this situation would require remand to the district court for fact-finding regarding the issue of notice. Because, however, we are free to affirm the district court on any basis supported by the record, even on grounds not relied on by the district court, remand on the notice issue in this case is unnecessary. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

Mandamus is a drastic remedy, which is to be used only in extraordinary situations. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). The requirements for issuance of a writ of mandamus are strict, *Dalton v. United States (In re Dalton)*, 733 F.2d 710, 716 (10th Cir. 1984), and the petitioner has the burden to show that his right to the writ is clear and indisputable, *In re Kozeny*, 236 F.3d 615, 620 (10th Cir. 2000). When a decision is committed to the discretion of the lower court, a petitioner generally will not have a clear and indisputable right to any particular result, and mandamus relief is inappropriate. *See Daiflon*, 449 U.S. at 36.

In his petition, Armstrong first asked the district court to order Judge Cornish to transmit the motion for withdrawal of the reference to the district court. Contrary to the impression Armstrong created in his brief, Judge Cornish had transmitted the motion well before the mandamus petition was dismissed. Thus, this issue was moot at the time the district court dismissed the petition and would not have supported mandamus relief.

Rulings on motions to recuse are left to the discretion of the district court. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). Because of their discretionary nature, recusal matters will rarely be the objects of mandamus relief. *See Daiflon*, 449 U.S. at 36. Here, Armstrong's conclusory allegations of bias and the fact that Judge Cornish has ruled against him a number of times is

-4-

insufficient to justify recusal, much less a writ of mandamus ordering recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Armstrong did not establish a clear and indisputable right to mandamus relief.

Finally, Armstrong has wholly failed to meet (or even address) the exacting standards required to obtain a stay of his bankruptcy proceedings. *See McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). Additionally, as with recusal, whether a stay should issue is relegated to the discretion of the district court, *cf. Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1487 (10th Cir. 1983) (finding grant of stay to be an abuse of discretion), and is thus no basis for mandamus relief.

In conclusion, because Armstrong was not entitled to mandamus relief, any error in dismissing the petition for writ of mandamus without making a finding on the issue of service was harmless. We therefore affirm the dismissal of the petition.

Imposition of Filing Restrictions

Initially, we reject Armstrong's contention that, once it dismissed the mandamus petition, the court lost jurisdiction to order filing restrictions. There is no authority for this position. By filing his petition for writ of mandamus in the district court, Armstrong availed himself of the jurisdiction of that court. That

jurisdiction includes broad power to enjoin litigants who abuse the court system.

*See Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (collecting cases).

> There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances. [E]ven onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved.

*Id.* (quotations and citations omitted).

Before a court can restrict litigants with a history of abusive or frivolous filings, however, it must give the litigant notice and an opportunity to respond before the order is instituted. *Id.* at 354. Additionally, "there must be some guidelines as to what plaintiff must do to obtain the court's permission to file an action." *Id.*

The court here properly explained to Armstrong that he is prohibited from "filing any motions, including new actions, in District Court that relate to proceedings in Bankruptcy Court." R. Vol. I, Doc. 5 at 2.[1] It then advised him how to receive the court's permission to file an action: "All filings submitted by Armstrong subsequent to this Order will be lodged by the Clerk of the Court. Armstrong may obtain relief from this Order with any filing by first

---

[1] Contrary to Armstrong's contention, the district court did not deny him all access to the federal district courts in Utah. He is only barred from bringing actions relating to proceedings in the bankruptcy court.

demonstrating to the Chief Judge of the Court that the filing is made in good faith and not malicious or without arguable merit." *Id.* We refuse to join in Armstrong's speculation that, because the Chief Judge of the Utah District Court is also the judge who issued this order, Armstrong will be forever barred from the district court. In the absence of evidence to the contrary, which does not appear here, we presume that judges will do their duty in a fair and impartial manner. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997).

While the guidelines offered by the court are adequate to apprise Armstrong of how he can properly file future pleadings, we are unable to affirm the imposition of filing restrictions in this case because the district court failed to notify Armstrong of the possible imposition of such restrictions and failed to give him the opportunity to oppose them. We find, however, that the defect in notice was cured in a later case.

We have this day in case No. 03-4222 affirmed the imposition of filing restrictions on Armstrong substantially identical to the ones at issue here. The restrictions here, which we find to be infirm, were issued on April 25, 2003; the restrictions we uphold in No. 03-4222 were issued on August 26, 2003 and filed on August 27. To the extent that Armstrong attempted to file pleadings between April 25, 2003, and August 27, 2003, which were rejected, he may resubmit those pleadings to the district court for review under the restrictions filed on August 27.

We have reviewed the April 16, 2004, decision by Judge Benson to restrict the filing of pleadings in three additional bankruptcy-related matters and find no error therein.

As we have noted in several other decisions issued this day, the fact that the BAP has recently found that the bankruptcy court lacked jurisdiction to enter criminal contempt sanctions against Armstrong in a related matter has no bearing on this appeal. Armstrong's motion to proceed on appeal without prepayment of costs and fees is DENIED, and Armstrong is directed to make immediate payment of the balance of his appellate filing fee. The judgment of the district court is AFFIRMED in part and VACATED in part. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge