**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM HENRY SHERRATT,

Petitioner-Appellant,

v.

CLINT FRIEL, Warden,

Respondent-Appellee.

No. 07-4155
(D. Utah)
(D.C. No. 2:06-CV-1056-PGC)

---

**ORDER**

---

Before **KELLY**, **ANDERSON,** and **MURPHY**, Circuit Judges.

---

This matter is before the court on William H. Sherratt's pro se request for a

certificate of appealability ("COA"). Sherratt seeks a COA so he can appeal the

denial of his 28 U.S.C. § 2254 habeas corpus petition.[1]  28 U.S.C.

---

[1]It must be noted that the exact nature of Sherratt's petition is less than
clear. Because Sherratt does not challenge any aspect of his conviction or
sentence, but instead directs his habeas-type claims to prison disciplinary
proceedings, it would appear Sherratt's petition should properly be construed, if a
habeas petition at all, as a 28 U.S.C. § 2241 petition. *Cf. Montez v. McKinna*, 208
F.3d 862, 865 (10th Cir. 2000); *Brown v. Smith*, 828 F.2d 1493, 1494-95 (10th
Cir. 1987). This court need not trouble itself in this case with the distinction
between § 2241 and § 2254 petitions, however, because each of the reasons
identified by the district court for denying Sherratt's petition is equally applicable
whether the instant petition is considered a § 2254 or § 2241 petition. *See Rael v.
Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (holding that conditions-of-
confinement claims must be brought in 42 U.S.C. § 1983 civil rights complaint

(continued...)

§ 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," unless the petitioner first obtains a COA). Because Sherratt has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

As noted by the district court, Sherratt captioned his filing as a "conditions of confinement habeas corpus petition." In the filing, Sherratt complains generally about disciplinary proceedings, mailings, retaliation over filed grievances, dealings with contract attorneys, housing transfers, denials of privileges and programming, access to legal materials, health endangerment, and the possibility that his refusal to admit his guilt during sex offender programming would lead to a longer period of incarceration. Some of these challenges might properly be raised in a habeas petition, while others must be raised in a § 1983 civil rights complaint. To further complicate matters, Sherratt sought not only immediate release from confinement (a habeas remedy), but also declaratory relief, injunctive relief, and monetary damages (civil rights remedies).

---

[1](...continued)
rather than in § 2241 petition); *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (holding that the one-year statute of limitations set out in 28 U.S.C. § 2244(d) applies to § 2241 petitions). Furthermore, Sherratt must obtain a COA to proceed on appeal whether his petition is construed as arising under § 2241 or § 2254. *Montez*, 208 F.3d at 867.

In resolving Sherratt's petition, the district court first noted that to the extent Sherratt was attacking as unconstitutional his conditions of confinement, he was required to proceed in a 42 U.S.C. § 1983 action. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (holding that conditions-of-confinement claims must be brought in 42 U.S.C. § 1983 civil rights complaint rather than in habeas petition). To the extent, however, that Sherratt was raising claims properly cognizable in a habeas petition (whether a § 2241 or § 2254 petition), the district court concluded, *inter alia*, that any such claims were barred by the limitations period set out in 28 U.S.C. § 2244(d). Accordingly, the district court denied Sherratt's petition.

To be entitled to a COA, Sherratt must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Sherratt has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Sherratt need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove

something more than the absence of frivolity or the existence of mere good faith."

*Id.*

Having undertaken a rigorous review of Sherratt's application for a COA and appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Sherratt is not entitled to a COA. The district court's resolution of Sherratt's petition is not reasonably subject to debate and the issues Sherratt seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Sherratt's request for a COA, **DENIES** his request for in forma pauperis, and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk