FILED
United States Court of Appeals
Tenth Circuit

April 23, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM HENRY SHERRATT,

Petitioner-Appellant,

v.

CLINT FRIEL, Warden,

Respondent-Appellee.

No. 07-4228

District of Utah

(D.C. No. 2:05-CV-0885-TC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON** and **McCONNELL**, Circuit Judges.

William Henry Sherratt was convicted in Utah state court of two counts of first-degree felony rape of his teenaged step-niece. After a state appeal and post-conviction proceedings, Mr. Sherratt filed a petition in federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied his petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and Mr. Sherratt now seeks a certificate of appealability (COA) that would allow him to appeal from that denial. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that the district court's procedural ruling

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

was correct, we deny his request for a COA and dismiss the appeal.  28 U.S.C. § 2253(c)(2).

## I.  BACKGROUND

According to the testimony at trial, beginning in 1994 and continuing through 1995 Mr. Sherratt used his position of special trust as the victim's step-uncle to seduce and repeatedly have sexual intercourse with her.  The victim, aged only fourteen and fifteen years at the time of the offenses, did not come forward with her story until 1999.  On June 1, 1999, an information was filed against Mr. Sherratt in Utah district court in Iron County.  As amended, it charged him with two counts of rape in violation of Utah Code § 76-5-402.  After a jury trial on March 22 and 23, 2000, Mr. Sherratt was convicted on both counts, and he was sentenced on May 23 to concurrent terms of imprisonment for five years to life in the state penitentiary.

Mr. Sherratt sought direct review in the Utah Court of Appeals, but the judgment was affirmed on June 28, 2001.  *State v. Sherratt*, No. 20000532-CA, 2001 WL 723251 (Utah Ct. App. June 28, 2001).  He subsequently filed two petitions for writs of habeas corpus in the Utah courts.  Those petitions were denied.  On November 7, 2005, he filed the instant petition for a writ of habeas corpus in the United States District Court for the District of Utah.  The district court found the petition untimely under AEDPA.

## II. DISCUSSION

A COA is a necessary prerequisite to appeal the denial of a petition for relief under 28 U.S.C. § 2254, and is available "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A)(2). Where, as here, the district court has dismissed a habeas petition on procedural grounds, a COA may issue only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

### A. Time Elapsed and Statutory Tolling

28 U.S.C. § 2244(d), enacted as a part of AEDPA, Pub. L. No. 104-132, § 101, 110 Stat. 1214, 1217 (1996), provides a one-year time limit for filing a federal habeas petition upon a state conviction. It explains when the clock begins to tick and what circumstances stay its gears. AEDPA's clock starts running when (A) direct appellate review ends, (B) any state-created impediment to filing is lifted, (C) a retroactive constitutional right is first recognized, or (D) the basis for the claim was reasonably discoverable—whichever comes last. 28 U.S.C. § 2244(d). Mr. Sherratt was convicted on March 23, 2000 and sentenced on May 23, 2000. The state Court of Appeals affirmed on June 28, 2001. The deadline to petition the Utah Supreme Court for a writ of certiorari is thirty days, *see* Utah R.

App. P. 48(a), but Mr. Sherratt requested and received an extension of time to August 27, 2001. He missed the extended deadline by two days, so direct appellate review ended and Mr. Sherratt's conviction became final on August 27, 2001, when "the time for seeking [direct] review" expired. 28 U.S.C. § 2244(d)(1)(A). Mr. Sherratt asserts no newly created constitutional right that might be relevant under (C).

He argues under (B) that the state created an "impediment" to the filing of his petition by denying him access to statutes including AEDPA. The averments in his filings establish, however, that he was not denied access to statutes and other materials; he had simply to request them. During the time he claims to have been unable to file his federal petition, Mr. Sherratt was vigorously pursuing state claims: two habeas petitions, as well as countless motions concerning "void jurisdiction," recusal of judges, and the like. Where a petitioner's claims "are similar to those raised in his direct appeal and motion for state post-conviction relief, [this] undercut[s] his argument that lack of access caused his delay." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *accord Gaston v. Palmer*, 417 F.3d 1030, 1034–35 (9th Cir. 2005). Finally, Mr. Sherratt's allegation of an impediment lacks the specificity we require. "It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." *Miller*, 141 F.3d at 978. The fact that a

-4-

petitioner "simply did not know about the limitation in the AEDPA until it was too late," while regrettable, is not a basis for tolling.  *Id.*

Under (D), the one-year limitation period on presenting a claim does not run until the "factual predicate of the claim . . . could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Mr. Sherratt does not quarrel with the district court's interpretation of his claims, and we adopt its admirable untangling of his arguments:

> This petition raises the following grounds for habeas relief: (1) The original criminal complaint against Petitioner was unsworn. (2) The original information charging Petitioner was unverified and unsworn.  (3) Petitioner's rights were violated when he was arraigned, bound over and taken to trial before the same judge.  (4) Petitioner received ineffective assistance of counsel, both at trial and on direct appeal. . . .  (5) The prosecution altered evidence (i.e., two victim statements that did not match up), used contradictory evidence to support the probable cause statement, allowed false testimony at trial, and allowed religious beliefs to bolster witness testimony and credibility.  (6) Petitioner was denied his right to religious freedom when he was convicted based on false testimony about the beliefs of the Church of Jesus Christ of Latter-Day Saints (LDS).  (7) The trial judge was biased by his LDS beliefs. (8) The prosecution withheld *Brady* evidence from Petitioner (i.e., the victim's ten-page letter about her abuse by Petitioner).  (9) New evidence showed that the victim did not confess to her LDS church leader, as she testified. And, (10) the prosecutor gave answers to a potential prosecution witness the morning of trial.

R., Vol. VIII, Doc. 29, at 1–3 (footnote omitted).

The district court correctly determined that the factual predicates for claims (1) through (7) were reasonably available at or before the time Mr. Sherratt's

conviction was made final by the completion of his direct appeals.[1]  As to claim

(8), Mr. Sherratt states that he discovered the allegedly withheld evidence in June,

2002, and as to claim (9), he states that the new evidence concerning the victim

was "available for scrutiny by September 1, 2002."  R., Vol. II, Doc. 4, at 67.

The facts underlying claim (10) were discoverable, at the latest, on September 8,

2003.  Therefore, AEDPA's one-year clock was triggered, for different claims, at

four different times.  For argument's sake, we will employ the date most

favorable to Mr. Sherratt.

Under § 2244(d)(2), time is tolled while "a properly filed application for

State post-conviction or other collateral review . . . is pending."  On August 9,

2002, 347 days after his conviction became final, Mr. Sherratt filed his first

---

[1] As to grounds (1) and (2), Mr. Sherratt argues vigorously that the lack of
a sworn complaint or information deprived the state trial court of jurisdiction over
his prosecution; he contends on appeal that the district court erred by failing to
reach these issues before dismissing his complaint for untimeliness.  *See, e.g.*,
*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191 (2007)
(noting that "jurisdictional questions ordinarily must precede merits
determinations in dispositional order").  However, the state court's jurisdiction
*vel non* is a merits issue, not a jurisdictional issue, on federal habeas.
    Mr. Sherratt also filed a motion with the district court, purportedly under
Fed. R. Civ. P. 60(b)(4), to set aside his "void" convictions.  He argues that the
court should have entertained the motion because there is no time limit on filing a
60(b)(4) motion.  However, that rule—a familiar friend of the frivolous litigator,
to whom any adverse ruling is "void" and in excess of jurisdiction—is a rule of
civil procedure and thus not available to challenge criminal judgments, nor may it
be used to challenge state judgments of any sort in federal court.  At best, in its
discretion a district court may choose to interpret a 60(b)(4) motion attacking a
state criminal judgment as a § 2254 petition, but all the strictures of AEDPA will
apply.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *cf. id.* at 534–35
(explaining proper role of Rule 60(b) in habeas cases).

petition in state court for a writ of habeas corpus.[2]  The petition was denied on August 21, 2002, and appeals were pending until the Utah Supreme Court denied certiorari on January 2, 2004.[3]  The AEDPA time limit would have begun running on September 8, 2003, but was tolled because of the pendency of the first state habeas petition.  On November 19, 2003, overlapping his first petition, Mr. Sherratt filed a second state habeas petition.[4]  The clock remained tolled by the second petition; that petition was denied January 23, 2004, and Mr. Sherratt did not timely appeal.[5]  Accordingly, Mr. Sherratt's state post-conviction proceedings came to a close on February 23, 2004.  The clock then began to run, and from that

---

[2] The petition was filed in court on June 28, 2002, but the required filing fee was not paid until August 9. A petition is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) until any required fee has been paid or waived.  *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1210–11 (10th Cir. 2000).  The court below based its calculations on the more generous June 28 date for filing, recognizing that the outcome would be the same either way; we will use the correct date of August 9.

[3] Mr. Sherratt sought, and was denied, certiorari in the United States Supreme Court.  But the time limit for a § 2254 petition is not tolled by the pendency of a petition for certiorari from the United States Supreme Court to a state court.  *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007).

[4] Filed October 27, 2003; fee paid November 19.

[5] He did untimely appeal, *see Sherratt v. Friel*, No. 20040541-CA, 2004 WL 2320366 (Utah Ct. App. Oct. 15, 2004), and certiorari was ultimately denied by the Utah Supreme Court on April 5, 2005.  The pendency of an untimely appeal, however, is not considered "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2).  *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

date Mr. Sherratt waited 623 days, until November 7, 2005, to file his § 2254 petition in federal court. Consequently, under § 2244(d), all of Mr. Sherratt's claims were untimely—by 258 days, or more for those claims discoverable earlier.

## B. Equitable Tolling

Because AEDPA's one-year statute of limitations for § 2254 petitions is nonjurisdictional, it is subject to equitable tolling in certain "'rare and exceptional circumstances.'" *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 127 S. Ct. 1091, 1100 (2007). Relief "is only available when an inmate [1] diligently pursues his claims and [2] demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). We will grant a COA on "the District Court's determination that equitable tolling is inapplicable only if reasonable jurists could debate whether the court's refusal to toll the statute of limitations was an abuse of discretion." *Fleming v. Evans*, 481 F.3d 1249, 1254–55 (10th Cir. 2007).

Mr. Sherratt points to three circumstances to justify his late filing: his lack of access to statutes and other legal materials, the inadequacy of the contract

attorneys provided by his prison to help inmates with their filings, and the contention that he is actually innocent of the rapes of which he was convicted.

We may reject the first two grounds on the basis of precedent because they do not set forth extraordinary circumstances justifying late filing. As to the availability of statutes, "a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *see also Marsh*, 223 F.3d at 1220. As to the availability and performance of prison contract attorneys, because there is no right to post-conviction representation at all, denial of habeas counsel and their ineffectiveness or even outright negligence is not an "exceptional circumstance" warranting equitable tolling. *See Fleming*, 481 F.3d at 1255–56.

Equitable tolling may be appropriate, so as to prevent a fundamental miscarriage of justice, "when a prisoner is actually innocent." *Gibson*, 232 F.3d at 808. To prevail on such a theory, however, Mr. Sherratt must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Such new evidence must "affirmatively demonstrate[] his innocence," not simply "undermine the finding of guilt against him." *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (internal quotation marks omitted).

We agree with the district court, for substantially the reasons stated in its thorough treatment of the issue, that the items of evidence Mr. Sherratt cites are not new, are merely impeaching, and/or are immaterial to the putative constitutional claims presented. Moreover, the thoroughness and numerosity of Mr. Sherratt's state-court filings demonstrate that, had he applied his efforts with equal diligence to his federal petition, it need not have been untimely. A prisoner who did not diligently pursue his claims when evidence became available will not now be heard to request the benefit of equitable tolling. For these reasons, the district court's refusal to grant equitable tolling cannot be called an abuse of discretion.

## III. CONCLUSION

Having reviewed Mr. Sherratt's COA petition and brief on appeal, we find the remainder of his claims—for instance, that the district judge should have recused herself—to be wholly without support or frivolous. "[J]urists of reason" would not "find it debatable whether the district court was correct in its procedural ruling" in denying this § 2254 petition as time-barred. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we **DENY** Mr. Sherratt's request for a COA and **DISMISS** this appeal. Mr. Sherratt's motion to stay the appeal because of the discovery of new evidence is **DENIED**. Mr. Sherratt's

-10-

motion for leave to proceed on appeal *in forma pauperis* is **DENIED**.

Entered for the Court,


Michael W. McConnell
Circuit Judge