FILED
United States Court of Appeals
Tenth Circuit

June 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM HENRY SHERRATT,

Petitioner-Appellant,

v.

UTAH BOARD OF PARDONS &
PAROLE; STEVE TURLEY;
ATTORNEY GENERAL OF THE
STATE OF UTAH,

Respondents-Appellees.

No. 11-4174
(D.C. No. 2:10-CV-00255-CW)
(D. Utah)

---

**ORDER**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

William Henry Sherratt filed this 28 U.S.C. § 2254 habeas corpus action

seeking relief from his 2000 Utah state conviction of two counts of rape of a child.

On at least two prior occasions, he had filed unsuccessful habeas petitions concerning

the same conviction. *See Sherratt v. Friel*, No. 2:06-cv-1056-PGC (D. Utah June 15,

2007), *appeal dismissed*, 263 F. App'x 664 (10th Cir. 2008); *Sherratt v. Friel*,

---

[*]     This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

No. 2:05-cv-885-TC (D. Utah Sept. 25, 2007), *appeal dismissed*, 275 F. App'x 763 (10th Cir. 2008).

The district court dismissed his petition as an unauthorized second or successive application. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). To the extent the petition raised claims concerning the execution of Mr. Sherratt's sentence under 28 U.S.C. § 2241, the district court dismissed them as well, reasoning they also were second or successive and, alternatively, that he had not shown a federal constitutional violation.

Mr. Sherratt has appealed. He seeks a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c) (requiring a COA to appeal the dismissal of a claim under § 2254); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding state prisoners proceeding under § 2241 must be granted a COA before their claims can be considered on the merits). To obtain a COA, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**COA as to § 2254 Claims**

A prisoner may not file a second or successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a claim asserted in a second or successive § 2254 petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Sherratt's petition is unquestionably second or successive. Because he failed to first obtain circuit-court authorization to file the petition, the district court properly dismissed it for lack of jurisdiction. Reasonable jurists could not debate that the district court was correct in its procedural ruling dismissing the petition for lack of jurisdiction. We therefore DENY Mr. Sherratt a COA as to his § 2254 claims and DISMISS the appeal as to those claims.

**COA as to § 2241 Claims**

Mr. Sherratt did not require authorization under § 2244(b) to proceed with his § 2241 claims. *See Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010), *cert. dismissed*, 131 S. Ct. 973 (2011). We nevertheless DENY him a COA as to those claims and DISMISS the appeal as to them, because reasonable jurists could not debate the district court's alternative conclusion that the allegations failed to state a valid claim of the denial of a constitutional right.

**Permission to File Second or Successive Habeas Petition**

Mr. Sherratt also seeks permission to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). Ordinarily we require a separate motion for permission under § 2244 when an appeal has been filed from the district court's order of dismissal of a second or successive petition. In the interest of judicial economy, however, we will consider his motion in conjunction with this appeal.

To receive such authorization, Mr. Sherratt must show that he advances a claim:

> (A) . . . that . . . relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2244(b)(2).

On the cover sheet of his 62-page combined opening brief/application for COA/motion to file second or successive petition, Mr. Sherratt indicates that he is relying on subsection (A): a new rule of constitutional law, previously unavailable and made retroactive by the Supreme Court to cases on collateral review. He cites *Tapia v. United States*, 131 S. Ct. 2382 (2011). In *Tapia*, the Supreme Court held that the Sentencing Reform Act of 1984 (SRA) precluded a district court from

lengthening the defendant's prison term to promote his rehabilitation. Even if *Tapia*, which was based upon the SRA, could be considered to announce a new rule of *constitutional* law, Mr. Sherratt fails to establish that the Supreme Court has made this decision retroactive to cases on collateral review. We may therefore not grant him authorization based on *Tapia*.

Construing Mr. Sherratt's application liberally, he may also be arguing that he meets the test in subsection (B) of § 2244(b)(2). He argues he has "new" evidence that demonstrates his innocence of the underlying offenses.[1] Having carefully reviewed his evidence, however, we do not agree that the underlying facts he presents "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(B)(ii). We therefore deny him authorization under subsection (B).

---

[1]　This evidence consists of a hearsay affidavit from an inmate to whom an alternative perpetrator allegedly confessed to the assaults for which Mr. Sherratt was convicted; a letter from the alleged alternative perpetrator stating that he might be willing to discuss his relationship with the victim; a letter from an official in the Mormon church informing Mr. Sherratt that the church had no record of the victim having a conversation with her bishop about the assaults; a set of emails between a Mormon bishop and a stake president about these same issues, indicating that the former bishop could not recall meeting with the victim; an affidavit from Mr. Sherratt's brother containing further hearsay information about these issues; and the transcript of a police interview with the victim that Mr. Sherratt claims resulted in the dismissal of eight of the charges against him.

**Conclusion**

Mr. Sherratt's application for a COA and request to file a second or successive habeas petition are DENIED. This appeal is hereby DISMISSED. Mr. Sherratt's "Motion for Inclusion of Supplemental Notice of Material Facts" is DENIED

Entered for the Court

ELISABETH A. SHUMAKER, Clerk