FILED
United States Court of Appeals
Tenth Circuit

August 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN P. CALCARI,

        Petitioner-Appellant

        v.

EXECUTIVE DIRECTOR JOE
ORTIZ; and THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents-Appellees.

 

and

BRIAN P. CALCARI,

        Petitioner-Appellant

        v.

JOHN W. SUTHERS, Attorney
General of the State of Colorado,

        Respondent-Appellee.

No. 12-1080

(D. of Colo.)

(D.C. No. 1:04-CV-01298-ZLW)

No. 12-1170

(D. of Colo.)

(D.C. No. 1:00-CV-00350-RPM)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

[*]  This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge

(continued...)

Brian P. Calcari, a Colorado state prisoner, seeks a certificate of appealability (COA) to enable him to appeal, in two different cases, the district court's dismissal of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Calcari's filing liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Nonetheless, no reasonable jurist could conclude the district court's dismissals were incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we DENY the applications for a COA, DENY the applications to proceed *in forma pauperis*, and DISMISS the appeals.

## I. Facts

In 1996, Calcari was convicted in Colorado state court of first-degree assault, accessory to attempted first-degree murder, and accessory to first-degree assault. His convictions were affirmed upon direct appeal in state court. In 2000, he filed an application for habeas relief, pursuant to 28 U.S.C. § 2254. The district court denied relief, and we affirmed on jurisdictional grounds related to Calcari's failure to exhaust his claims in state court. *Calcari v. Suthers*, 242 F.3d

---

[**]\(...continued)
panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

387 (10th Cir. 2000) (unpublished table decision).  Calcari then unsuccessfully sought post-conviction relief in Colorado state court, before again pursuing federal habeas relief.  The district court denied his renewed petition as untimely and we affirmed.  *Calcari v. Ortiz*, No. 04-1422, 2005 WL 300424 (10th Cir. Feb. 9, 2005).

## A.  Case No. 12-1080

In 2011, Calcari filed several Federal Rule of Civil Procedure 60(b)(4) motions requesting relief from the prior denials of habeas relief.  The district court determined that the motions were true Rule 60(b) motions challenging the court's procedural ruling—the court's prior decision to deny his applications as time-barred—as opposed to a second or successive habeas application.  But the court concluded that Calcari had not established grounds for relief under Rule 60(b)(4), ultimately denying the motions, declining to grant a COA, and denying Calcari's motion to proceed *in forma pauperis*.  Calcari timely appealed.

## B.  Case No. 12-1170

In 2011, Calcari filed several Federal Rule of Civil Procedure 60(b)(4) motions requesting relief from the prior denials of habeas relief.  The district court denied the motions as "frivolous and without merit," and denied a COA.  R., Vol. II at 25.  Calcari then filed a notice of appeal, but did not do so until more than 30 days after entry of the district court's order.  We dismissed the appeal as untimely.  *See Calcari v. Suthers*, No. 12-1081 (10th Cir. Mar. 14, 2012).  But

while the appeal was pending, Calcari filed a second notice of appeal, along with an affidavit asserting that he never received a copy of the district court's original denial order. The affidavit was construed as a motion to reopen the time to appeal, which the district court denied "because the pleadings are frivolous," and again denied a COA. R., Vol. II at 35. Calcari then filed a motion to reconsider, and asked the court to produce evidence of the "clerk's mailing of judgment order dated January 13, 2012." *Id.* at 40. The district court denied the motion, as the "appeal is not taken in good faith because [Calcari] has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues." *Id.* at 42.

Calcari now appeals the denial of his motion to reopen the time to appeal, and his motion for reconsideration and production.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). To receive a COA, the applicant must demonstrate a "substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

### A. Case No. 12-1080

Construing his pro se filing liberally, Calcari appears to raise two issues: whether the district court (1) improperly construed his Rule 60(b)(4) motions; and (2) failed to apply principles of equitable tolling. Additionally, Calcari now requests leave to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A). For substantially the same reasons as the district court, we deny all of Calcari's requests.

With respect to his argument that the district court improperly construed his Rule 60(b)(4) motions, Calcari has not presented any evidence supporting his assertion that the judgment against him is void. As the district court explained, an order is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it due to lack of jurisdiction over the parties or subject matter. *See United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002). Calcari has not raised any reasonable arguments suggesting that the court lacked jurisdiction in this case. As we said in *Buck*, "[a]ppellants make the all-too-common error of thinking that a court acts without jurisdiction when it makes a mistake. But a judgment is not void merely because it is erroneous." *Id.* at 1344 (quotation omitted). And any arguments suggesting that the state court erred—which

-5-

nothing in the record suggests—have been waived. *See* Rule 60(c)(1) (all Rule 60(b) motions must be "made within a reasonable time").

Calcari's argument that the principles of equitable tolling should apply is equally without merit. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of the one-year limitation period is available "only in rare and exceptional circumstances"). There is nothing to suggest that Calcari meets this high standard, given that it has been many years since judgment was entered.

Finally, an applicant who seeks to file a second or successive habeas petition faces a "heavy burden of persuasion," and authorization will only be granted in cases where the applicant has "made a prima facie showing that he could meet the requirements of § 2244(b)." *LaFevers v. Gibson*, 238 F.3d 1263, 1264, 1268 (10th Cir. 2001). At the outset, we note that we normally require a separate motion for permission under § 2244 to file a second or successive habeas petition, but in the interest of judicial economy, we have chosen to consider Calcari's motion in conjunction with this appeal. *See Sherratt v. Utah Bd. of Pardons & Parole*, No. 11-4174, 2012 WL 2045768, at *2 (10th Cir. June 07, 2012).

In support of his petition, Calcari relies on a modified state appellate rule, Colorado Appellate Rule 51.1(b), which became effective January 1, 2012. The rule change modified the time allowed for a state prisoner to exhaust his state remedies, if his federal habeas petition is denied for failure to exhaust. The prior

rule gave a party 45 days to file a motion in state court, while the modified rule gives a party 49 days to do so.

This change has no bearing on this case, given that many *years* have passed since Calcari's habeas petition was denied. Contrary to Calcari's assertions, this small change in a state appellate rule does not satisfy § 2244(b)(2)(A)'s requirement that a second or successive habeas petition "rel[y] on a new rule of constitutional law, made retroactive." This is not a new rule of constitutional law, and there is no indication that it is being applied retroactively. For these reasons, we DENY Calcari's request for authorization to file a second or successive habeas application.

## B. Case No. 12-1170

Calcari argues that he has still not received a copy of the district court's original denial order—despite having filed two notices of appeal based on that order—and requests that we allow him to refile his notice of appeal, once he receives a copy of the district court's order. Calcari relies on *Nunley v. City of Los Angeles*, 52 F.3d 792 (9th Cir. 1995), to argue that his affidavit denying receipt effectively rebuts the valid presumption governing service to institutionalized litigants. *See, e.g.*, *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) (finding that a presumption of receipt within five days of mailing is appropriate whenever the actual receipt date is unknown or disputed).

There is actually some reason to believe Calcari may not have received this document. As support, he points to his prison mail receipt log, which shows only one delivery in the relevant time period, on January 19, 2012. *See* R., Vol. II at 34. Calcari asserts that this delivery was a copy of an order granting his request for a status report in a related case, rather than a copy of the order entered in this case by the district court on January 13, 2012. Having reviewed the record in the related case, Civil Action No. 04-cv-01298-ZLW, this appears to be a plausible explanation.[1] In that case, an order was mailed by the district court to Calcari on January 17, 2012, two days prior to the delivery noted in the prison receipt log. While this evidence does not necessarily rebut the presumption, it does raise an issue of fact as to whether receipt actually occurred. *See Armstrong v. Cornish*, 102 F. App'x 118, 120 (10th Cir. 2004).

But, as we are free to affirm the district court's ruling on other grounds supported by the record, remand is not necessary. *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994). Having reviewed the record, we agree with the district court that Calcari's filings in this matter are frivolous and without merit. Calcari is attempting to seek relief from an order that is over a decade old and that definitively established his rights and remedies at that time. Calcari's

---

[1] We have authority to review this material because we may take judicial notice of public records, including district court filings. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (taking judicial notice of district court record that was not part of the record on appeal).

arguments are predicated on a variety of ex-post facto claims and a theory about the retroactivity of certain Supreme Court cases decided since his initial habeas petition. All of these arguments lack merit and are frivolous. None of the Supreme Court cases that could conceivably apply to his claims have been made retroactive. *See Armstrong*, 102 F. App'x at 120 (affirming the denial of a motion on the grounds that the appellant was seeking a "drastic remedy, which is to be used only in extraordinary situations").

Accordingly, the district court properly denied Calcari's motion to reopen the time to appeal, and his motion for reconsideration and production.

## III. Conclusion

Based on the foregoing analysis, we DENY Calcari's requests for a COA, DENY the applications to proceed *in forma pauperis*, and DISMISS the appeals.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge