FILED
United States Court of Appeals
Tenth Circuit

July 18, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RONALD E. RING,

      Petitioner - Appellant,

v.

ART LIGHTLE, Warden,

      Respondent - Appellee.

No. 16-6060
(D.C. No. 5:15-CV-01300-F)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY
AND DISMISSING THE APPEAL**
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mr. Ronald Ring pleaded nolo contendere to state burglary charges. Years later, he learned that state law required him to serve 85% of his sentence before he could be considered for early release. _See_ Okla. Stat. tit. 21, § 13.1. Mr. Ring then sought habeas relief under 28 U.S.C. § 2254, claiming that he should have been told about this requirement when he pleaded nolo contendere. The district court dismissed the habeas action as time-barred.

Mr. Ring wants to appeal and requests a certificate of appealability and leave to appeal in forma pauperis. We deny both requests.

## I.     Denial of a Certificate of Appealability

Mr. Ring may appeal only if we issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To obtain the certificate, Mr. Ring must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court disposes of a habeas action as time-barred, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II.    The district court's ruling on timeliness is not reasonably debatable.

On appeal, Mr. Ring contends that the district court erred by dismissing his claims as time-barred. No reasonable jurist would credit that contention.

A one-year limitations period applies to state prisoners who petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This limitations period begins to run at the latest of four alternative dates. *Id.* Here, the latest potential start date was when Mr. Ring could reasonably have discovered the factual predicate of his claims. *See* 28 U.S.C. § 2244(d)(1)(D). All reasonable jurists would regard that discovery as having been possible more than one year before Mr. Ring initiated the habeas action.

2

Mr. Ring admitted in district court that he had learned of the 85% requirement in 2009. That knowledge was the only factual predicate necessary. Nonetheless, he waited roughly five years before seeking any relief in state court. In these circumstances, jurists could not reasonably debate the district court's conclusion that Mr. Ring's habeas claim is time-barred.

On appeal, Mr. Ring argues that the state-court sentence was void, that the court was defrauded, that he was actually innocent, and that the federal district court should have addressed the merits before addressing the statute of limitations. These arguments are not reasonably debatable.

First, Mr. Ring argues that the sentence in state court was void. But this argument goes to the merits of his claim. *See Sherratt v. Friel*, 275 F. App'x 763, 766 n.1 (10th Cir. 2008) (unpublished) ("[T]he state court's jurisdiction *vel non* is a merits issue, not a jurisdictional issue, on federal habeas.").[1] Consequently, this argument does not bear on the timeliness of the habeas action.

Second, Mr. Ring contends that the court was defrauded. Courts can correct judgments that were based on fraud. *United States v. Williams*, 790 F.3d 1059, 1071 (10th Cir. 2015). When alleging fraud on the court, a party must show that the adversary acted with intent to deceive or defraud

---

[1] This opinion is persuasive, but not precedential.

3

the court. *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).

Mr. Ring does not present any allegations or evidence of fraudulent conduct. Rather, he alleges only that he was not told that his sentence was subject to the 85% requirement. But no reasonable jurist could challenge this conduct as a fraud on the court.[2] Accordingly, Mr. Ring is not entitled to avoid the statute of limitations based on a fraud perpetrated on the court.

Third, Mr. Ring argues that he was actually innocent. When a habeas petitioner proves actual innocence, the limitations period does not apply. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1931-33 (2013). Innocence must be based on the underlying crime rather than the sentence. *Selsor v. Kaiser*, 22 F.3d 1029, 1035-36 (10th Cir. 1994).

Mr. Ring does not contend that he is actually innocent of the charge (burglary). Mr. Ring's argument "differs in the fact that it is not based on the elements of the crime;" his "argument is based on the minimum amount of time to be actually served." Appellant's Combined Opening Brief & Application for a Certificate of Appealability at 7. Under our precedent,

---

[2] "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct . . . will not ordinarily rise to the level of fraud on the court." *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) (emphasis omitted) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

this argument does not allow Mr. Ring to avoid the time bar in § 2244(d). *Selsor*, 22 F.3d at 1035-36.

Fourth, Mr. Ring argues that the district court should have addressed the merits before addressing the timeliness issue. But the respondent moved to dismiss based solely on the limitations issue; the merits had not yet been briefed. Thus, the district court naturally addressed timeliness as the only issue to be decided. Indeed, even if Mr. Ring could have prevailed on the merits, he could not obtain a writ of habeas corpus if the habeas action had been untimely. *See* 28 U.S.C. § 2244(d)(1). As a result, the district court did not err in deciding the timeliness issue before considering the merits.

For these reasons, none of Mr. Ring's appeal points are reasonably debatable.

## III.  In Forma Pauperis

Mr. Ring seeks leave to appeal in forma pauperis. Because Mr. Ring's appeal points would be frivolous, we deny this request. *See Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007).

## IV. Disposition

We deny the request for a certificate of appealability, dismiss the appeal, and deny the request for leave to appeal in forma pauperis.

Entered for the Court

Robert E. Bacharach
Circuit Judge