**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARTY W. RHODES,

     Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS; MICHAEL PACHECO,
Warden, Wyoming State Penitentiary;
WYOMING ATTORNEY GENERAL,

     Respondents - Appellees.

No. 17-8080
(D.C. No. 2:17-CV-00092-SWS)
(D. Wyoming)

_____

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Wyoming state prisoner Marty W. Rhodes, appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the dismissal of his petition for writ

of habeas corpus. We deny a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule
32.1.

[1] Because Mr. Walker is pro se, "we liberally construe his filings, but we will
not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.    BACKGROUND

Mr. Rhodes is serving consecutive sentences for child abuse and third-degree sexual abuse of a minor—up to twenty years, in total. *See Rhodes v. State*, 348 P.3d 404, 407 (Wyo. 2015). His convictions and sentences were affirmed by the Wyoming Supreme Court on April 27, 2015. *Id.* at 415. On July 8, 2015, Mr. Rhodes filed a Petition for Writ of Error Coram Nobis with the Wyoming Supreme Court, which was denied on August 4, 2015. Nearly a year passed. On July 21, 2016, Mr. Rhodes filed a document entitled "Petition for Post Conviction Relief with Request for Evidentiary Hearing" in a Wyoming trial court. That court dismissed the petition in January 2017. On February 9, 2017, Mr. Rhodes petitioned the Wyoming Supreme Court a second time, this time by a Petition for Writ of Certiorari. Again, the Wyoming Supreme Court denied relief. Its second and final order in Mr. Rhodes's case was entered on February 28, 2017.

Finding no help in Wyoming's courts, Mr. Rhodes turned to the federal system. On May 31, 2017, he filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. Mr. Rhodes was again unsuccessful. The federal district court dismissed his petition, finding it time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

Applying § 2244(d), the district court concluded that Mr. Rhodes's one-year window to seek federal habeas relief commenced on August 4, 2015, when the Wyoming Supreme Court denied his Petition for Writ of Error Coram Nobis. Three-hundred and fifty-two days later, on July 21, 2016, Mr. Rhodes filed his request for post-conviction relief with the state trial court. That filing, the federal district court reasoned, tolled Mr. Rhodes's limitations period with thirteen days to go. *See* § 2244(d)(2). The suspension of AEDPA's limitations period continued during the pendency of Mr. Rhodes's appeal of the state trial court's order to the Wyoming Supreme Court. *Id.* But the limitations period restarted when, on February 28, 2017, the Wyoming Supreme Court denied Mr. Rhodes relief for the second and final time. Thus, according to the district court's calculations, Mr. Rhodes needed to file his

3

federal habeas petition within the next thirteen days—that is, on or before March 13, 2017. Because Mr. Rhodes's petition was not filed until May of 2017, the district court concluded it was time-barred pursuant to § 2244(d)(1)(A) and (d)(2).

Next, the district court concluded that §§ 2244(d)(1)(B)–(D) did not save Mr. Rhodes's petition. As to § 2244(d)(1)(B), it acknowledged Mr. Rhodes's argument that he was "blocked" from getting the entire record of his trial until after the one-year timeframe had expired, but it concluded Mr. Rhodes identified no impediment created by state action in violation of the Constitution or laws of the United States that could extend the accrual date. The district court also held that Mr. Rhodes failed to indicate any possible prejudice he may have suffered by not having the trial transcript sooner. As to § 2244(d)(1)(C), the district court held it inapplicable because Mr. Rhodes had not cited any newly recognized, and retroactively applied, constitutional right. As to § 2244(d)(1)(D), the district court again considered Mr. Rhodes's allegation that Wyoming delayed in providing him a transcript of the trial court proceedings. It concluded that such a delay is "not the type of factual predicate necessary to justify application" of § 2244(d)(1)(D) and, besides, the "factual" basis for Mr. Rhodes's asserted grounds for habeas relief, *i.e.*, ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct, was clearly known to him long before he physically received the trial court hearing transcript. Finally, the district court held that Mr. Rhodes has not supported any actual innocence exception. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Having found no legal or factual basis to support tolling of AEDPA's limitations period, the district court held that Mr. Rhodes's petition is time-barred and must be dismissed. The district court further declined to issue a COA, based on its belief that no jurist of reason would find it debatable that Mr. Rhodes's petition is time-barred. The district court entered its judgment on September 26, 2017; Mr. Rhodes filed a timely notice of appeal on October 16, 2017. Mr. Rhodes's application for a COA is now before us.

## II.    ANALYSIS

On appeal, Mr. Rhodes has filed a twenty-six page combined opening brief and application for certificate of appealability. He expounds eight claims of ineffective assistance of trial counsel, nine claims of ineffective assistance of appellate counsel on direct appeal, three claims of prosecutorial misconduct, and four claims of judicial misconduct. But there is nary a word addressing the reasons for dismissal actually given by the district court.

"A state prisoner needs a COA to appeal a denial of federal habeas relief." *Davis v. McCollum*, 798 F.3d 1317, 1319 (10th Cir. 2015). To obtain the certificate, Mr. Rhodes must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And where, as here, the district court disposed of a habeas action as time-barred, a petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Ring v. Lightle*, 655 F. App'x 657, 658 (10th Cir. 2016). Upon careful review of the procedural history, we agree with the district

5

court's conclusion that Mr. Rhodes's petition is time-barred. Indeed, Mr. Rhodes has not even attempted to address whether jurists of reason would find it debatable whether the district court was correct in that procedural ruling. He is therefore not entitled to a COA. *See Davis*, 798 F.3d at 1319 ("To demonstrate an entitlement to a COA, the prisoner must show that 'reasonable jurists could debate whether . . . the issues presented were adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003))).

## III.    CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS this appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

6