**F I L E D**

**PUBLISH**

**AUG 15 2003**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN HENRY MAY,

      Petitioner-Appellant,

v.

RANDALL WORKMAN,

      Respondent-Appellee.

No. 03-7045

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 02-CV-649-P)**

Submitted on the briefs:[*]

John Henry May, pro se.

Diane L. Slayton, Assistant Attorney General, District of Oklahoma, Oklahoma City, Oklahoma, for Respondent-Appellee.

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

**HENRY,** Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2). The case is therefore submitted without oral argument.

John May, a state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny his request for a COA and dismiss the appeal.

On December 4, 1994, Mr. May was convicted of first degree murder in Oklahoma state court and sentenced to life imprisonment without parole. His conviction was affirmed by the Oklahoma Court of Criminal Appeals on January 9, 1996, and on April 8, 1996, the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court expired, thus making his conviction final. As detailed in the district court's order, Mr. May filed a series of motions between 1997 and 2002 requesting transcripts at public expense and mandamus relief regarding his motions for transcripts. All of these motions were denied, as were Mr. May's various appeals. Mr. May subsequently filed his federal petition for a writ of habeas corpus on November 15, 2002.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Mr. May had until April 24, 1997 to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding that when a conviction became final before AEDPA's effective date of April 24, 1996, a petitioner has one year after AEDPA's enactment to file a § 2254 petition).

Mr. May filed his federal habeas petition on November 15, 2002, long after the AEDPA limitations period had expired. The district court held that Mr. May's

federal habeas petition was time barred and that equitable tolling was not warranted. Accordingly, the district court dismissed the habeas petition and denied a COA.

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S. Ct. at 1034. After careful review of the record, we conclude the requirements for issuance of a COA have not been met.

The one-year period of limitation for filing a federal habeas petition is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2). As established above, for purposes of § 2244(d)(1)(A), Mr. May's conviction became final on April 8, 1996. The district court correctly determined that the limitations period should not be tolled during the pendency of Mr. May's various motions for transcripts and petitions for writs of mandamus relating to those motions. *See* Rec. vol. I, doc. 10 at 4-5 (Dist. Ct. Order, filed Mar. 6, 2003) (citing *Osborne v. Boone*, No. 99-7015, 1999 WL 203523, at **1 (10th Cir. April 12, 1999)

(unpublished disposition) (holding that "attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)") (citing *Hoggro v. Boone*, 150 F.3d 1223, 1226-27 (10th Cir. 1998))).

Mr. May filed his petition almost five years after the expiration of the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), without a showing of entitlement to either statutory tolling or equitable tolling. We have carefully reviewed Mr. May's brief, the district court's order, and the material portions of the record, and conclude that Mr. May has failed to raise a debatable issue as to whether his petition was improperly dismissed as time-barred. Accordingly, we **DENY** Mr. May's application for a COA, and we **DISMISS** the matter.