**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES D. TOON,

      Petitioner - Appellant,

v.

WALTER DINWIDDIE, Warden, Jess
Dunn Correctional Center,

      Respondent - Appellee.

No. 05-7017
(D.C. No. CIV-04–027-WH)
(E.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant James D. Toon, an Oklahoma inmate appearing pro se, seeks a certificate of appealability ("COA") permitting him to appeal the district court's order dismissing his petition for a writ of habeas corpus as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Because we find that the district court's procedural determination is not fairly debatable, we deny a COA and dismiss this appeal.

The parties are familiar with the facts, and we need not repeat them here. Because the district court's dismissal was based upon procedural grounds, Mr. Toon must demonstrate that reasonable jurists would find it debatable whether the

district court's procedural ruling was correct, and whether his habeas petition makes a "substantial showing of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). After carefully reviewing the record, it is clear that Mr. Toon cannot meet this burden. Mr. Toon seeks to challenge the method of good time credit computation currently assessed against his sentence. However, the record establishes that Mr. Toon became aware of the factual predicate underlying his claim on August 20, 1999, yet failed to seek redress in the Oklahoma system until August 29, 2000. Mr. Tool has failed to allege or demonstrate cause for delay, and his subsequent attempts to obtain post-conviction relief before the state courts cannot serve to toll an already expired statute of limitations. See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003). Accordingly, the district court's determination that Mr. Toon's petition was barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(D) is not fairly debatable.

We DENY the request for COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge