**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 23, 2005**

**TENTH CIRCUIT**

CURTIS RUSH,

        Petitioner - Appellant,

v.

STATE OF KANSAS,

        Respondent - Appellee.

Nos. 05-3301 and 05-3302

D. Kansas

(D.C. Nos. 05-CV-3296-SAC
and 05-CV-3305-SAC)

**ORDER**

Before **HARTZ**, Circuit Judge, **SEYMOUR**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

Curtis Rush applied for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the application as untimely under 28 U.S.C. § 2244(d) and denied Mr. Rush's request for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1) (requiring COA to proceed on appeal). We, too, deny a COA.

**BACKGROUND**

Mr. Rush was convicted on April 25, 2000, in Kansas state court of battery on a law enforcement officer. His conviction was affirmed by the state court of appeals on May 2, 2003. His petition for a writ of certiorari was denied by the Kansas Supreme Court on July 10, 2003. Ninety days later, on October 8, 2003,

the period for filing a petition for a writ of certiorari with the United States

Supreme Court expired, making the conviction final. *See May v. Workman*, 339

F.3d 1236, 1237 (10th Cir. 2003). He filed an application for habeas corpus in

the United States District Court for the District of Kansas on June 29, 2005,

claiming that his due process rights had been violated because he had not been

supplied with a transcript of his trial and adjudication of his appeal had taken too

long. For reasons that are unclear, he filed an identical application on July 12 and

received a second docket number.

The district court consolidated the applications on July 14 and directed

Mr. Rush to show cause why the cases should not be dismissed as untimely. He

responded that he had been arrested on June 13, 2004, and that he had written to

the Paul E. Wilson Public Defender Project (the Project), which apparently had

been preparing his § 2254 application, to notify them that his address had

changed. He wrote the Project again on July 8 and then was transferred to yet

another prison on July 10. On July 16 he received a letter from the Project stating

that they had sent his application on June 28, apparently to the wrong address. He

wrote the Project again, asking for his habeas application, and on July 29, 2004,

he received a response containing the application and detailed instructions on how

to file it. Mr. Rush claims that after receiving the application he was prevented

from making copies "due to his financial status," R. Doc. 5 at 3, and that he was denied access to law books.

On July 29, 2005, the district court dismissed the consolidated application as untimely and denied, as moot, leave to proceed *in forma pauperis*. The district court later denied a COA but granted Mr. Rush's motion for leave to proceed on appeal *in forma pauperis*.

**DISCUSSION**

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether . . . the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and

the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id*.

The applicable statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that a habeas application from a prisoner in state custody must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Rush's conviction became final on October 8, 2003. The deadline for filing his habeas petition was therefore October 8, 2004. He did not file his first habeas application until June 28, 2005, nearly nine months after the deadline had passed.

The district court found no ground for equitably tolling the statute-of-limitations period. On appeal such a decision is reviewed for an abuse of discretion. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Equitable tolling of the one-year statute of limitations may be granted only in "rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Excusable neglect is not sufficient to warrant equitable tolling; an inmate must "diligently pursue[] his claims and demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The district court recognized that Mr. Rush had identified some "obstacles to his pursuit of relief" but that he had a copy of the application in late July 2004 and did not file it until late June 2005. It therefore found that Mr. Rush had not diligently pursued his claims for relief. Our own review of the record makes clear that Mr. Rush has not demonstrated that there were extraordinary circumstances beyond his control that prevented him from timely filing. Even if he was denied access to law books in July 2004, he did not need to conduct his own legal research before filing a § 2254 application because he received a completed application, together with detailed filing instructions, from the Project later that month. All he had to do afterwards was file the application, but he waited 11 months to do so. As for his claim that he was delayed because he lacked funds to make copies, his Inmate Balance Report in the court file shows 24 instances in which he made copies between October 4, 2004, and June 22, 2005, despite a negative account balance.

No reasonable jurist could conclude that the district court abused its discretion in rejecting equitable tolling or erred in dismissing the application. We therefore DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-5-