**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK VASQUEZ,

      Petitioner-Appellant,

v.

GARY K. WATKINS, Warden;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 06-1142
(D.C. No. 05-CV-2656-ZLW)
(Colorado)

**ORDER**[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

Frank Vasquez, a Colorado state prisoner appearing *pro se*, filed this

application for a certificate of appealability (COA) to challenge the district

court's dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred.[1] *See* 28

U.S.C. § 2253(c)(1)(A) (prisoner must obtain a COA before appealing the

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] Because he is proceeding *pro se*, we review Mr. Vasquez's pleadings and
filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

dismissal of a § 2254 petition). He also seeks leave to proceed *in forma pauperis* (*ifp*) on appeal.

Where the district court dismisses a petition on procedural grounds, the inmate must show in his application for a COA "that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct." *Dulworth v. Evans*, 442 F.3d 1265, 1266 (10th Cir. 2006) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Because we conclude the district court's procedural ruling is correct, we deny Mr. Vasquez's application for a COA.

A one-year period of limitation applies to an application for a federal writ of habeas corpus and runs from the later of "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A conviction does not become final "until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

In the present case, the record reveals that Mr. Vasquez's conviction became final on December 27, 1999. Hence, Mr. Vasquez had until December 27, 2000 to file a habeas corpus petition in federal court, and his petition of December 9, 2005 would therefore be untimely absent any tolling of the

limitations period. But, Mr. Vasquez filed a state motion for post-conviction relief on August 24, 2000, thereby statutorily tolling AEDPA's one-year limitation period. *May v. Workman*, 339 F.2d 1236, 1237 (10th Cir. 2003) ("The one-year period of limitation for filing a federal habeas petition is tolled . . . during the pendency of a state application for post-conviction relief.") 28 U.S.C. § 2244(d)(2). The limitation period remained tolled until July 18, 2005, when the Colorado Supreme Court denied Mr. Vasquez's request for a writ of certiorari.

Despite this significant period during which the limitation period was tolled, Mr. Vasquez's § 2254 petition was nonetheless untimely. Seven months and 27 days passed between the date his conviction became final and the date he filed his state motion for post-conviction relief. Moreover, four months and 20 days passed between the date the Colorado Supreme Court affirmed the denial of his state motion for post-conviction relief and the date he filed his § 2254 petition in federal court. Added together, these two periods total more than twelve months permitted by statute.

In his response to the district court's order to show cause, Mr. Vasquez argued for equitable tolling of AEDPA's limitation period. Specifically, he claimed (1) he was denied access to the cumulative annual pocket part to 28 U.S.C. § 2244 between May 11, 1998 and February 15, 2000, and thus did not know he could seek review of his conviction by the United States Supreme Court, and his appellate counsel did not so inform him; (2) he filed a § 2254 petition on

-3-

December 14, 1999, which was dismissed without prejudice on February 11, 2000, and thus AEDPA's limitation period should have been tolled from December 27, 1999, when his conviction became final, until February 11, 2000, when his habeas petition was dismissed; (3) he believed his § 2254 was timely because his state motion for post-conviction relief was timely; (4) his appellate counsel told him he had until July 29, 2006, to file his federal habeas petition; and (5) it would be a fundamental miscarriage of justice to dismiss his habeas petition when he had diligently pursued and exhausted his claims in the state courts. The district court considered and rejected all of Mr. Vasquez's arguments for equitable tolling.

In *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), we stated that § 2244(d) is not jurisdictional but it is subject to equitable tolling. We noted, however, that "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling.

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal citations omitted).

Upon reviewing the record in this case, we conclude Mr. Vasquez has failed to show the district court erred when it determined that the one-year limitation period was not subject to equitable tolling. Most of Mr. Vasquez's arguments center on ignorance of, or insufficient access to, relevant law. Such arguments are insufficient to support equitable tolling. *See id*. Moreover, Mr. Vasquez's assertion that the limitation period should be tolled for the period during which his first § 2254 motion was pending is without merit. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding "an application for federal habeas corpus review in not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and "therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."). Finally, Mr. Vasquez failed to show the existence of "extraordinary circumstances beyond his control," *Marsh*, 223 F.3d at 1220, that might justify a finding of equitable tolling.

With respect to Mr. Vasquez's motion for *ifp* status, he is required to show the existence of "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997) (internal quotation omitted). He has not done so.

Accordingly, we **DENY** Mr. Vasquez's motion to proceed *ifp*, **DENY** his application for a COA, and **DISMISS** this appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge