**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONNIE THOMAS,

       Petitioner-Appellant,

v.

ROBERT A. ULIBARRI, Warden,
Southern New Mexico Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

       Respondents-Appellees.

No. 06-2195
(D.C. No. CIV-04-0125 JH/LAM)
(D.N.M.)

**ORDER**

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Ronnie Thomas, proceeding *pro se*, seeks leave to
appeal the denial of his petition for a writ of habeas corpus. After Mr. Thomas
was convicted in New Mexico state court of drug trafficking, conspiracy, and
contributing to the delinquency of a minor, and the state appellate courts affirmed
his conviction on direct appeal, he filed an unsuccessful state habeas petition and
has now turned to the federal courts for relief. The district court below

exhaustively reviewed and considered his arguments,[1] discarding some as conclusory and finding the remainder lacking in legal merit. We agree.

Prior to appealing the dismissal of a petition for writ of habeas corpus sought under 28 U.S.C. § 2254, federal law requires the petitioner first to obtain a certificate of appealability ("COA"). Id. § 2253(c)(1). This requirement is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); May v. Workman,

---

[1]We note only in passing what appears to be a technical, though in this case harmless, error in the district court's analysis. Despite noting that Mr. Thomas's petition was filed after the expiration of the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1), even after accounting for the § 2244(d)(2) tolling of the limitations period during the pendency of Mr. Thomas's state post-conviction and collateral attacks on his conviction, the district court denied the respondents' motion to dismiss on statute of limitations grounds, holding they waived the time-bar argument by their failure to raise it in their first responsive pleading. In so holding, the district court relied on cases from the Sixth and Ninth Circuits and our unpublished decision in Davis v. LeMaster, 216 F.3d 1086, 2000 WL 702408 (10th Cir. 2000), for the proposition that a respondent's failure to raise the statute of limitations in its answer constitutes an irrevocable waiver of the argument. Subsequently, the Supreme Court resolved a circuit split on this issue by abrogating the cases on which the district court relied. Day v. McDonough, 126 S.Ct. 1675 (2006). A statute of limitations defense is not jurisdictional, the Court held, and "district courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Id. at 1681, 1684. Because the district court must, if raising the issue *sua sponte*, "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits" of the petition, id. at 1684, we believe that the district court is not obligated to disregard these concerns and address the time bar merely because the respondent raises the issue in an untimely motion. Thus, rather than holding itself bound by the respondents' waiver, the district court below should have exercised its discretion to determine whether to address the statute of limitations defense. Nonetheless, because Mr. Thomas does not appeal the point, because we detect no abuse of discretion in the district court's decision, and because the error is harmless to the respondents here in any event, we need not address the point further.

339 F.3d 1236, 1237 (10th Cir. 2003). The district court denied Mr. Thomas's request for COA below, which he has renewed in this court.

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). When determining whether COA should issue, we do not make a definitive inquiry under standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996, because the COA review is distinct from the merits review of the petition. Miller-El, 537 U.S. at 342. Our only question here "is the debatability of the underlying constitutional claim, not the resolution of that debate." Id.

Even construing liberally Mr. Thomas's opening brief and application for COA, he raises no debatable argument that he is imprisoned in violation of his constitutional rights or that the district court erred in its consideration of his petition. Thus, because Mr. Thomas has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his

application for a certificate of appealability and DISMISS his appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge