**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ALAN SUDDUTH,

      Petitioner-Appellant,

v.

RICK RAEMISCH, Executive Director,
Colorado Dept. of Corrections[*]; ANGEL
MEDINA, Warden, Limon Correctional
Facility; JOHN SUTHERS, Attorney
General, State of Colorado,

      Respondents-Appellees.

No. 12-1466
(D.C. No. 1:12-CV-00645-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[**]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

[*] Pursuant to Fed. R. App. R. 43(c)(2) Rick Raemisch replaces Roger Werholtz as
Director of the Colorado Department of Corrections.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.

Alan Sudduth was convicted of second degree murder and aggravated robbery by a Colorado state court in 1996. In 2012, he filed a federal habeas petition. The district court denied the petition as untimely. We granted a certificate of appealability permitting Mr. Sudduth to challenge this conclusion, but after careful review we are persuaded it is correct and we affirm the district court and adopt the reasoning it offered in its extensive opinion on the subject.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), an application for federal habeas relief generally must be made within one year from the date on which the conviction became final. *See* 28 U.S.C. § 2254(d)(1)(A). That didn't happen here. Sixteen years passed between the time when Mr. Sudduth's conviction became final and his habeas petition.

Mr. Sudduth claims that the statute of limitations clock was tolled during much of this period because of his pending motions in state court seeking collateral review. *See* 28 U.S.C. § 2254(d)(2). As documented by the district court, however, many of the filings he cites are not post-conviction motions and are thus insufficient to toll the limitations period. *See, e.g.*, *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (motions for transcripts and the like do not stop the limitations clock). But even if we were to overlook this fatal problem, another remains. No matter how generously we might view Mr. Sudduth's state court motions and their capacity to stop the clock, two periods of time remain unaccounted for that, when combined, render his federal

- 2 -

application untimely:  April 24, 1996 to April 26, 1996, and March 14, 2011 to March 14, 2012.

Mr. Sudduth replies that the former period shouldn't count against him.  He says his conviction didn't become final for purposes of Colorado law on April 24, 1996 but on May 15, 1996, so the limitations clock didn't start running until then.  By way of support, he cites *Levya v. People*, 184 P.3d 48, 49 (Colo. 2008) (en banc).  The difficulty is that the United States Supreme Court has held that for purposes of § 2254(d)(2) the date a conviction becomes final "is to be determined by reference to a uniform federal rule," not state law.  *Clay v. United States*, 537 U.S. 522, 531 (2003).  Under that uniform federal rule, the limitations period generally begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  When that date precedes AEDPA's enactment, the general federal rule is that the limitations period begins running on AEDPA's date of enactment, April 24, 1996.  *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 669 (2012).  Here, it is undisputed that the time for Mr. Sudduth to challenge his conviction through direct appeal expired in March 1996, and therefore the limitations period started on April 24, 1996.

Mr. Sudduth replies that, even if his motion is untimely as a formal matter the April 1996 dates should not count against him as an equitable matter because he wasn't aware of AEDPA's limitations rules.  But "it is well established that

ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted). Alternatively, Mr. Sudduth argues that a letter he wrote to the state courts dated April 26, 1996 amounted to a timely post-conviction motion that tolled the limitations period. But as doubtful as that is, we've already assumed as much in our analysis above and it still fails to bring his claim within the limitations period.

Given that Mr. Sudduth's habeas application is time barred, we do not need to address the district court's alternative holding that his federal habeas claim is procedurally defaulted, or Mr. Sudduth's argument that *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012), excuses that default. Neither do we understand him as suggesting *Martinez* alters the operation of the statute of limitations, only the application of procedural default doctrine. The judgment of the district court is affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge