FILED
United States Court of Appeals
Tenth Circuit

November 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD STEVE MASON,

Petitioner - Appellant,

v.

EMMA WATTS, Warden

Respondent - Appellee.

No. 14-5085
(D.C. No. 4:13-CV-00717-TCK-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO, TYMKOVICH,** and **PHILLIPS**, Circuit Judges.

Ronald Steve Mason, a state prisoner, filed a pro se motion under 28

U.S.C. § 2254 seeking habeas corpus relief from his convictions and sentences.

The issue before us is whether the district court was correct in its procedural

ruling—specifically, that the petition was untimely. Because we conclude that

jurists of reason would not find it debatable that the district court was correct in

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

its procedural ruling, we deny Mason a certificate of appealability and dismiss this appeal.

On May 16, 2012, he pleaded guilty to second-degree burglary after two or more felony convictions (knowingly concealing or receiving stolen property, 1983; second-degree burglary, 1983; first-degree burglary, 1988; knowingly concealing or receiving stolen property, 1989; second-degree burglary, 1990; attempt to obtain controlled drug by forged or altered prescription, 2001; petit larceny AFCF, 2001), Case No. CF-2011-3379. He was sentenced to 20 years' imprisonment. On June 26, 2012, he pleaded guilty to knowingly receiving or concealing stolen property after two or more felony convictions, Case No. CF-2011-2978. For this conviction, he was also sentenced to 20 years' imprisonment, to run concurrently.

On April 1, 2013, Mason filed a "request for court documents at state expense due to state of indigency" in both of his cases. The state district judge denied his requests on May 24, 2013. R. vol. 1 at 195.

On June 11, 2013, Mason filed an application for post-conviction relief in Case No. CF-2011-3379. The state district court denied his request because Mason did not timely file a direct appeal. He attempted to perfect a post-conviction appeal, but on September 12, 2013, the Oklahoma Court of Criminal Appeals ("OCCA") declined jurisdiction because Mason had improperly filed it, and dismissed the appeal.

Also on June 11, 2013, Mason filed an application for post-conviction relief in Case No. CF-2011-2978. The district court denied this request for the same reason. Mason attempted to perfect the post-conviction appeal, but on September 12, 2013, the OCCA declined jurisdiction for the same reason and dismissed the appeal.

On October 31, 2013, the Clerk of Court received and filed Mason's federal writ of habeas corpus. Mason claims that he placed the petition in the prison mailing system on October 25, 2013. Accordingly, under the prison mailbox rule, the earliest filing date for this petition is October 25, 2013. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Mason raises four claims in his habeas petition: (1) that the court illegally enhanced his sentences with a misdemeanor that was improperly accelerated to a felony (petit larceny); (2) that his sentences were illegally enhanced by Case No. CF-2001-1967; [1] (3) that he received ineffective assistance of trial counsel; and (4) that the court's conclusion of law and finding of facts are insufficient and contrary to well-settled Oklahoma law as announced by the court. The district court denied Mason's writ because it was time-barred. Mason now seeks a certificate of appealability ("COA") from this court, appealing both the timeliness issue and asserting the merits of his claims.

---

[1] In Case No. CF-2001-1967, Mason was convicted of a felony—attempt to obtain controlled drug by forged or altered prescription—on September 26, 2001.

An appeal from a writ of habeas corpus may only be taken to the court of appeals if that court first grants a COA. 28 U.S.C. § 2253(c)(1)(A). We may only issue a COA if the petitioner makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds and does not reach the underlying claims, the court of appeals should only grant a COA if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000) ("Resolution of procedural issues first is allowed and encouraged by the rule that this Court will not pass upon a constitutional question if there is also present some other ground upon which the case may be disposed of."). Where there is a procedural bar and the district court correctly invokes it to dismiss the habeas petition, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. In that case, no appeal would be warranted. *Id.* Viewing the petition before us, we agree with the district court's procedural ruling as explained below. Therefore, we deny Mason's request for a COA and dismiss this appeal.

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d). The limitation period begins to run from the date on which the judgment became final.

-4-

§ 2244(d)(1)(A). The limitations period is tolled during the pendency of a state application for post-conviction relief properly filed during the limitations period. §2244(d)(2). Mason's convictions became final on July 5, 2012, and July 6, 2012, ten days after the pronouncement of his Judgment and Sentence on June 25, 2012, and June 26, 2012, respectively. *See* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18 App. (2011) (providing petitioner with ten days from the time of his conviction to file an application to withdraw his guilty plea or appeal before his conviction becomes final). Thus, absent a tolling event, Mason had until July 8, 2013, to file a timely habeas petition for both convictions. At the earliest, he filed his petition on October 25, 2013, which is more than three months beyond the deadline. Thus, absent a statutory tolling, his petition is time-barred.

The district court properly concluded that Mason's motion requesting court documents did not constitute an application for post-conviction relief, and therefore did not trigger the statutory tolling period under § 2244(d)(2). *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003).

The district court also properly concluded that even though Mason's attempts to obtain post-conviction relief did toll the limitations period in which to file a habeas petition, his petition was still time-barred. The habeas limitations period is tolled during the pendency of a properly filed post-conviction proceeding. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). Mason properly filed his applications for post-conviction relief on June

11, 2013, 27 days before the end of his one-year habeas limitations period. Those applications were denied on July 31 and August 6, 2013.

Subsequently, Mason failed to perfect his post-conviction appeals in compliance with Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18 App. (2011), resulting in dismissal of those appeals. A petitioner's habeas limitation period is tolled for an additional 30 days to enable the petitioner to perfect a post-conviction appeal, regardless of whether the petitioner actually appeals or not. *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). Even crediting Mason with the longest tolling period possible, his limitation period still ended on September 5, 2013, 30 days after the denial of his application for post-conviction relief. Accordingly, under the rule, Mason's limitation period was tolled from June 11, 2013, when he filed his applications, through September 5, 2013, when the 30 days expired. This left Mason 27 days, the time remaining in his one-year period, to file his federal habeas corpus petition, making his deadline for filing October 2, 2013. But he did not file his petition until October 25 at the earliest, 23 days late. As such, Mason failed to file his petition timely, resulting in its being time-barred.

Based on the foregoing, we deny a certificate of appealability and dismiss this appeal.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge
