**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 30, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAY D. COLBURN,

        Petitioner – Appellant,

v.

JUSTIN JONES, Director Oklahoma
Department of Corrections,

        Respondent – Appellee.

No. 14-7087
(E. D. Oklahoma)
(6:13-CV-00250-JHP-KEW)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Petitioner and Appellant, Ray D. Colburn, seeks a certificate of appealability ("COA") to enable him to appeal the denial of his motion to alter or amend the district court's judgment denying his petition pursuant to 28 U.S.C. § 2241. Concluding that he has failed to establish entitlement to a COA, we deny Mr. Colburn a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Mr. Colburn was sentenced on March 1, 1996, to thirty years' imprisonment in Seminole County, Oklahoma. On March 17, 2000, he was released on parole, and his supervision was transferred to Pennsylvania so he could live there. On August 12, 2002, he was arrested for parole violations and held in the Columbia County, Pennsylvania, prison for extradition to Oklahoma. The Oklahoma authorities, however, did not issue a formal warrant for Mr. Colburn's extradition until November 15, 2002. At some point, Mr. Colburn sought a writ of habeas corpus from the Court of Common Pleas of Columbia County, and, on January 3, 2003, that court ordered his release. Mr. Colburn waived extradition, and Oklahoma authorities were directed to appear in Pennsylvania to take custody of him within ten days. The Oklahoma authorities failed to appear, and Mr. Colburn remained free from incarceration.

On October 2, 2004, Mr. Colburn was arrested again on the same parole violation and taken into custody. On October 7, 2004, he appeared before a judge who again ordered his release and ruled that Mr. Colburn could not be extradited to Oklahoma, because the Oklahoma authorities had previously failed to exercise their rights under the Uniform Extradition Act.

On December 27, 2006, Mr. Colburn was arrested for an unrelated federal drug offense and he was eventually sentenced to 120 months' imprisonment. On June 28, 2010, Oklahoma authorities lodged a detainer against him at his current

facility (the Federal Correctional Institution in Otisville, New York ("FCI Otisville")).  On August 23, 2010, a letter from the State of Oklahoma was sent to Mr. Colburn's case manager, Mary Moore, at FCI Otisville.  The letter contained a Notice of Probable Cause for Parole Revocation, a Waiver of Executive Hearing, and a request that Ms. Moore assist in procuring the required signatures.  Mr. Colburn claims that Ms. Moore improperly advised him that signing the documents would result in the discharge of his parole for the outstanding Oklahoma offense on October 9, 2011, and that his Oklahoma detainer would be lifted.  Mr. Colburn claims that he signed the documents with that understanding.

On November 15, 2010, Oklahoma authorities revoked Mr. Colburn's parole.  He claimed, however, that he was not notified of this action by his case manager until sometime in May of 2011.  Mr. Colburn further avers that, in May 2011, his new case manager, Ms. Wynkoop, advised him that his Oklahoma detainer was still active and that his Oklahoma discharge date was now 2028, rather than October 2011.

On October 14, 2011, Mr. Colburn filed an application for post-conviction relief in the Seminole County, Oklahoma, district court.  He sought expungement of the detainer and pardon or commutation of his Oklahoma sentence.  Mr. Colburn describes the issues raised in that application as follows:

> 1.      Denial of due process under the 14th Amendment of the United States Constitution by placement of a detainer for the parole

violation matter, where there had been a previous failure to extradite for the same matter several years earlier; and

2. Denial of due process under the 14th Amendment of the U.S. Constitution by the manner in which parole was revoked (obtaining hearing waiver under false pretense that resulting discharge date would occur earlier than what was actually imposed).

Appellant's Combined Op. Br. and Application for COA at 5. The court denied that application on March 15, 2012, finding that the power to pardon or parole those convicted of criminal offenses lies with the Governor, not the court, and that no due process violation occurred in the revocation of Mr. Colburn's parole. The Oklahoma Court of Criminal Appeals affirmed that denial. Colburn v. Oklahoma, No. PC2012-343 (Okla. Crim. App. Feb. 4, 2013).

On June 11, 2013, Mr. Colburn filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court construed the petition as having been filed pursuant to 28 U.S.C. § 2241, not § 2254, since he was in custody pursuant to a federal drug charge conviction, not a state court judgment (although he is challenging a detainer placed against him at his current federal facility by Oklahoma state authorities). The court then determined that it lacked jurisdiction to grant the relief requested, since Mr. Colburn was not confined within the judicial district and because the improper defendant was named and administrative and/or state court remedies were unexhausted. Mr. Colburn filed a motion to alter or amend the judgment. The district court denied the motion, but

-4-

added further explanation to support its conclusions that state remedies had not been exhausted and that the petition was untimely, in any event. The district court declined to issue a COA. We have stated that, "a federal prisoner seeking to challenge a detainer arising out of process issued by a state court must obtain a COA in order to appeal a district court order denying relief." Montez v. McKinna, 208 F.3d 862, 867 n.6 (10th Cir. 2000). Mr. Colburn accordingly seeks a COA to enable him to appeal the district court's adverse decisions.

## DISCUSSION

The granting of a COA is a jurisdictional prerequisite to Mr. Colburn's appeal from the denial of his § 2241 petition. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To be entitled to a COA, Mr. Colburn must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. When a district court dismisses a § 2241 petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). In evaluating whether Mr. Colburn has satisfied his burden, this court undertakes "a

preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Miller-El, 537 U.S. at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." Id.

The district court in this case found that Mr. Colburn "did not exhaust his remedies before filing this federal habeas petition, as required by 28 U.S.C. § 2254(b)(1)(A)." Order at 2-3; R. Vol. 1 at 93-94. As the court explained, "the record shows petitioner has not sought relief through the Oklahoma Department of Corrections inmate grievance procedure or through a state petition for a writ of habeas corpus. He did, however, file an application for post-conviction relief in the trial court on October 14, 2011. The denial of the application was affirmed in Colburn v. State, No. PC 2012-343, slip op. (Okla. Crim. App. Feb. 4, 2013)." Id. at 2; R. Vol. 1 at 93.

Mr. Colburn claims that he lacks access to the Oklahoma DOC administrative remedies, and that a state habeas is not required. The district court noted that the state habeas statute specifically provides that "[e]very person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." Okla. Stat. tit. 12, § 1331.

-6-

Mr. Colburn argues he *did* exhaust his state remedies because his state post-conviction proceeding was adequate, and he had no access to Oklahoma's prison grievance system while incarcerated in New York. We need not resolve this issue, because we agree that Mr. Colburn's petition was properly dismissed as untimely.

The district court held that, even if Mr. Colburn had exhausted his state remedies, his petition is untimely because it was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). That provision states that the one-year limitation period "shall run from the latest of– . . . (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2).

The district court held that:

[i]t is clear that the latest date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" was June 28, 2010, when Oklahoma lodged a detainer against petitioner at his present facility. . . . Therefore, the deadline for filing this habeas petition was June 28, 2011. The petition, filed on June 11. 2013, was untimely.

-7-

Order at 4; R. Vol. 1 at 95.  The court went on to find no statutory tolling of the limitation period because Mr. Colburn "did not initiate his post-conviction proceedings until October 14, 2011, after expiration of the limitation period." Id. at 4-5; R. Vol 1 at 95-96 (citing May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003)).  The court then determined that Mr. Colburn had failed to establish the existence of "rare and exceptional circumstances" justifying equitable tolling. York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003).

Mr. Colburn disagrees with this analysis, arguing that "the court erred in selecting June 28, 2010, as the limitations period starting date."  Appellant's Op. Br. at 10.  His explanation is as follows:

> It is appellant's contention that his due process rights are being violated by the fact that Oklahoma authorities intend to extradite him for for (sic) a parole revocation sentence, where there had been a previous failure to extradite for the same matter.  In addition, appellant claims the manner in which parole was revoked violated his due process rights.  The record reflects that although authorities placed a detainer on June 28, 2010, parole was not revoked until November 15, 2010.  Furthermore, appellant alleged he was not informed of the decision by his federal prison case manager until May of 2011.  While appellant cannot pinpoint the exact date upon which this occurred, respondent did not contradict this date estimate. As such, it can be reasonably said that appellant did not learn until at least May 1, 2011 that parole had been officially revoked which, in turn, solidified Oklahoma's intent to extradite him upon his completion of the federal sentence.

Id. at 12.[1]  We reject this argument.

---

[1]Mr. Colburn argues, without citation to authority, that the district court "erred by essentially constructing an untimeliness argument for respondent.  In a

(continued...)

It is clear that the Oklahoma authorities first formally expressed their "intent" to extradite Mr. Colburn, despite their earlier failure to do so, when they lodged the detainer against him on June 28, 2010.  Mr. Colburn concedes that that "intent" is the genesis of his claimed due process violation.  Indeed, in his brief to us he described the issue presented in his state post-conviction petition as a "[d]enial of due process <u>by placement of a detainer</u>."  Appellant's Op. Br. at 5 (emphasis added).  Thus, the placement of the detainer forms the basis of his claimed constitutional violation.

Furthermore, he does not deny that he was aware that the detainer was lodged on June 28.  The record demonstrates that he was well aware of the Oklahoma authorities' knowledge of his parole violations in Pennsylvania.  He claims that the "manner in which parole was revoked" provides an "<u>addition[al]</u>" due process violation.  Appellant's Op. Br. at 10 (emphasis added).  And his

---

[1](...continued)
federal habeas proceeding, untimeliness is an affirmative defense that can be waived.  It is not a jurisdictional bar to the court hearing a petitioner's claims.  In this case, respondent failed to develop any meaningful argument that the petition was time-barred and, thus, waived any potential untimeliness defense."  Appellant's Op. Br. at 11 n.2.  The Respondent did, in fact, raise timeliness in its Motion to Dismiss, although it did not develop an argument about it.  The Supreme Court in <u>Day v. McDonough</u>, 547 U.S. 198 (2006), held that district courts may raise the time bar of AEDPA *sua sponte* provided the parties have been accorded fair notice and an opportunity to present their positions.  In <u>Day</u>, the state had answered the habeas petition without raising a timeliness objection.  That is not the case here, where the Respondent raised the issue.  In any event, we reject Mr. Colburn's argument that this issue is waived or unavailable for the district court to discuss and determine.

parole was not actually revoked until November 15, 2010. While he claims he "did not learn until at least May 1, 2011 that parole had been officially revoked," that revocation merely supplemented his claim whose starting point was the lodging of the detainer on June 28. We agree with the district court that June 28, 2010, was the latest date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In sum, we agree with the district court that, even if Mr. Colburn's claims were properly exhausted, they were untimely under AEDPA's one-year statute of limitations. No reasonable jurist could disagree with that procedural ruling.

## CONCLUSION

For the foregoing reasons, we DENY Mr. Colburn a COA and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge