**Arley Lee DUNCAN, Petitioner-Appellant,**

**v.**

**Joe ALLBAUGH, Respondent-Appellee.**

No. 17-7024

United States Court of Appeals, Tenth Circuit.

Filed July 25, 2017

(D.C. No. 6:15-CV-00474-JHP-KEW) (E.D. Okla.)

Arley Lee Duncan, Pro Se

Matthew D. Haire, Office of the Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent-Appellee

Before LUCERO, BALDOCK, and MORITZ, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY *

Nancy L. Moritz, Circuit Judge

Proceeding pro se,[1] Oklahoma prisoner Arley Duncan seeks a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2241 habeas application. The district court dismissed his application as untimely and declined to issue a COA. Because reasonable jurists would not debate the correctness of the district court's procedural ruling, *see Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), we deny Duncan's request for a COA and dismiss this matter.

### I

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes upon "a[ny] person in custody pursuant to the judgment of a [s]tate court" a one-year limitations period for filing an application for a writ of habeas corpus. 28 U.S.C. § 2244(d). That period begins to run from one of four statutory accrual dates. § 2244(d)(1)(A)-(D). For state prisoners whose convictions became final before AEDPA's enactment, the one-year period ran from April 24, 1996, to April 24, 1997. *See Serrano v. Williams,* 383 F.3d 1181,

1183 (10th Cir. 2004). But the one-year period is statutorily tolled for "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). And, in some cases, an applicant may be able to demonstrate grounds for equitable tolling of the one-year period. *See Holland v. Florida,* 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (explaining that habeas applicant is " 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005))).

### II

In 1983, Duncan pled guilty to first-degree murder in exchange for a life sentence. More than 30 years later—in 2015—Duncan filed this § 2241 habeas application. He asserts that he is entitled to federal habeas relief because (1) the prosecutor breached the plea agreement; (2) the state enacted new laws after he entered the plea agreement and its retroactive application of those laws deprived him of his liberty interest in parole created under the agreement, in violation of his due process rights; (3) he wasn't fully informed of the facts before he entered his plea, thus rendering his plea void as unknowing and involuntary; and (4) his plea is invalid because he received ineffective assistance of counsel during plea negotiations.

---

\* This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

1. Because Duncan is a pro se litigant, we liberally construe his pleadings. *Jordan v.*

*Sosa,* 654 F.3d 1012, 1018 n.8 (10th Cir. 2011). But we don't "construct[ ] arguments" or "search[ ] the record" to find support for his position. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).

The respondent moved to dismiss Duncan's petition as untimely.[2] The district court extensively catalogued Duncan's efforts, between 1995, and 2015, to obtain relief from his conviction and sentence through various state and federal post-conviction proceedings. Based on this review, the court concluded that the application was untimely and that Duncan failed to demonstrate any circumstances excusing its untimeliness.

First, the court pointed out that Duncan's § 2241 petition was filed well beyond AEDPA's one-year deadline of April 24, 1997. Next, the court reasoned that Duncan wasn't entitled to statutory tolling under § 2244(d)(2) because his first state post-conviction proceedings concluded prior to that deadline and he initiated his second and third state post-conviction proceedings after that deadline expired. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added)). The court then reasoned that Duncan didn't demonstrate that the one-year period began to run later than April 24, 1996, under any alternative statutory accrual date. *See* § 2244(d)(1)(B) (running period from date on which state impediment to filing habeas application is removed if such impediment prevented applicant from filing application); § 2244(d)(1)(C) (running period from date on which Supreme Court recognizes new constitutional right if Supreme Court makes newly-recognized right "retroactively applicable to cases on collateral review"); § 2244(d)(1)(D) (running period from "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Finally, the court noted that Duncan didn't allege that he was entitled to equitable tolling. *See Holland*, 560 U.S. at 649, 130 S.Ct. 2549 (explaining circumstances applicant must demonstrate to support equitable tolling).

## III

■ To obtain a COA, Duncan must "ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed Duncan's habeas application on procedural grounds, Duncan must make this showing by demonstrating both (1) that "jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right," and (2) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484, 120 S.Ct. 1595.

Duncan appears to identify two aspects of the district court's procedural ruling as subject to reasonable debate.

First, Duncan argues that the district court erred in determining that he could have discovered the factual predicate for

2. The respondent also pointed out that some of Duncan's habeas claims are improperly asserted under § 2241 because they challenge the validity of his conviction, not the execution of his sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (explaining that state prisoners may challenge validity of conviction or sentence under § 2254 and execution of sentence under § 2241). But AEDPA's one-year deadline applies equally to both types of habeas applications. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (§ 2241 applications); *Gibson v. Klinger*, 232 F.3d 799, 802-03 (10th Cir. 2000) (§ 2254 applications). And as we conclude *infra*, the district court's conclusion that that deadline bars Duncan's habeas claims isn't reasonably debatable. Thus, we don't express any opinion regarding whether Duncan properly asserted his habeas claims under § 2241.

his prosecutorial-breach-of-plea-agreement claim by 2005. But, as the district court noted, Duncan expressly asserted in his habeas application that the letters Duncan cites to support his claim "were discovered (approx. 2005)" by his family. R. vol. 1, 27. In arguing that the district court nevertheless erred in relying on that assertion, Duncan has revised his timeline. He now asserts that his family discovered, and that he knew about, the same letters in 2007. And he further asserts that he presented his prosecutorial-breach-of-plea-agreement claim to the state courts in 2010 through a post-conviction proceeding and that that claim was "taken to exhaustion" when the Oklahoma Court of Criminal Appeals (OCCA) denied his appeal from that post-conviction proceeding. Aplt. Br. 13.

Though Duncan doesn't refer to AEDPA's statutory accrual provisions in his brief, it appears he seeks to start his AEDPA one-year clock as of the "date on which the factual predicate of [his] claim . . . could have been discovered." § 2244(d)(1)(D). But even under Duncan's revised timeline, reasonable jurists wouldn't debate the district court's determination that Duncan's prosecutorial-breach-of-plea-agreement claim was untimely. Assuming Duncan learned of the factual predicate for that claim in 2007, he would have had to file a habeas application asserting that claim by 2008. See § 2244(d)(1)(D). That one-year period would have been tolled during his timely and proper efforts to exhaust his claim in state court. See § 2244(d)(2). By his own account though, Duncan didn't present that claim to a state court until 2010—two years after § 2244(d)(1)(D)'s one-year deadline would have expired—when he filed an application for state post-conviction relief. Moreover, Duncan fails to offer any explanation for the additional four-year gap between the OCCA's 2011 decision affirming the denial of his state post-conviction relief on that claim, and his 2015

filing of the instant § 2241 application. Thus, under either the timeline as understood by the district court or Duncan's revised timeline, reasonable jurists wouldn't debate the untimeliness of his prosecutorial-breach-of-plea-agreement claim.

■ Second, Duncan appears to argue that the district court may have erred in concluding that his third and fourth claims—both of which relate to ineffective assistance of counsel—were untimely because he presented those claims in state court before AEDPA's enactment. Though Duncan's argument on this point isn't clear, we construe it as an argument that AEDPA's one-year deadline doesn't apply to these claims. But Duncan is a state prisoner and AEDPA's statute of limitations applies to habeas applications filed by "a person in custody pursuant to the judgment of a [s]tate court." § 2244(d)(1). Because his conviction was final before AEDPA's enactment, he was entitled to a one-year grace period running from April 24, 1996, to April 24, 1997. See Serrano, 383 F.3d at 1183. It appears that Duncan may have exhausted his third and fourth habeas claims sometime in 1995. If so, that means that he had until April 24, 1997, to file a federal habeas application asserting those claims. But he failed to do so. Instead, he filed his first federal habeas application in August 1998, and didn't assert those claims in that untimely application. Thus, we see no room for reasonable debate regarding the untimeliness of Duncan's third and fourth claims.

Because Duncan hasn't made the requisite showing to obtain a COA, we deny his COA request and dismiss this matter. As a final matter, we deny his motion to proceed in forma pauperis.