FILED
United States Court of Appeals
Tenth Circuit

February 13, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH RAY LEE, a/k/a Kenneth
Ray Thompson,

      Petitioner - Appellant,

v.

ALFRED BIGELOW, Warden,

      Respondent - Appellee.

No. 13-4147
(D. Utah)
(D.C. No. 2:12-CV-00727-DB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

On July 23, 2012, Kenneth Thompson, a federal prisoner proceeding *pro se*, filed a petition under 28 U.S.C. § 2254, challenging his confinement in Utah State Prison. The United States District Court for the District of Utah dismissed Thompson's petition as untimely and found no basis to excuse his late filing. On appeal, Thompson requests that we issue a certificate of appealability. Exercising jurisdiction under § 1291, we decline his request and dismiss this appeal.[1]

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

[1] Although the district court did not properly enter final judgment in this matter, we nevertheless have jurisdiction over this appeal. *See United States v. Mendoza*, 698 F.3d 1303, 1309 n.3 (10th Cir. 2012) (finding no reason to remand for proper entry of judgment where there is no question as to the finality of the district court's decision).

A certificate of appealability is a jurisdictional prerequisite to this court's review of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To receive a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Thompson's habeas petition on procedural grounds, he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added). In this case, it is beyond debate that the district court correctly dismissed Thompson's habeas petition as untimely.

The underlying proceedings in this case are somewhat unique from a procedural standpoint. In 1984, Thompson was convicted in Utah State court and sentenced to a term of 1–15 years for a weapons possession charge and a concurrent sentence of 5 years to life for a separate habitual offender charge. Over twenty years later, the State of Utah filed a motion to correct Thompson's sentence because subsequent case law had made clear that Utah does not recognize a stand-alone habitual offender charge for which a defendant can be separately sentenced. The Utah district court granted the State's motion but did not change the length of Thompson's sentence. Instead, the court *enhanced* its original sentence for the weapons possession charge (given Thompson's habitual offender status) to a term of 5 years to life in prison. Thompson was represented by counsel during the re-sentencing proceedings but appears to have appealed the district court's decision *pro se*. The Utah Court of Appeals dismissed his appeal on November 24, 2008 for failure to file a docketing statement.

On January 2, 2009, Thompson, still proceeding *pro se*, filed a state petition for post-conviction relief. The post-conviction court summarily dismissed this petition on April 28, 2009, finding all claims procedurally barred. Thompson then filed an untimely notice of appeal in January of 2011, which the Utah Court of Appeals dismissed for lack of jurisdiction.

Again, Thompson did not file the instant § 2254 petition until July 23, 2012.

Applications under § 2254 are subject to a one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). The statute provides several possible starting dates for the limitations period, but the one applicable here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In his petition for habeas review, Thompson asserts various claims stemming from his convictions and original sentencing in 1984 and his re-sentencing in 2008. Any claims relating to the 1984 conviction and sentence are too late by decades. As for any claims relating to Thompson's re-sentencing, the clock began to run on those claims when the court's judgment became final—in this case, upon the conclusion of Thompson's direct appeal. This occurred on December 24, 2008, when Thompson did not seek certiorari from the Utah Supreme Court 30 days after the Court of Appeals dismissed his initial appeal for failure to file a docketing statement. *See* Utah R. App. P. 48(a) (allowing 30 days to petition for a writ of certiorari).

The limitations period was then tolled by the proper filing of an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2); *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (recognizing that AEDPA limitations period is tolled while post-conviction application is pending). By our calculations, however, the state post-conviction petition was only pending from January 2, 2009 (when Thompson filed), until May 28, 2009 (when the time for seeking review of the post-conviction court's dismissal expired). *See* Utah R. App. P. 4(a) (providing jurisdictional 30-day time limit to appeal a final order). Accordingly, the limitations period was only tolled for 146 days. Subtracting these days from the total amount of time it took Thompson to file his § 2254 petition (beginning on the date on which the state court's judgment on re-sentencing became final and ending on the date of filing), we find that Thompson took over three years to file his § 2254 petition—making it over two years too late. The district court also reached this conclusion based on similar calculations.[2]

Thompson can only avoid the time bar if he can show that he is actually innocent, *see McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013), or that he has diligently pursued a judicial remedy but extraordinary circumstances beyond his control prevented him from meeting the deadline, *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Thompson does not assert an actual innocence claim, nor does he offer up any facts or argument that might justify equitable

---

[2] The district court's order mistakenly cites the date of filing as July 12, 2012 rather than July 23, 2012. This mistake has no effect on the court's determination of untimeliness.

tolling. To the contrary, the record suggests a lack of diligence and, apart from those hardships facing most all *pro se* litigants, it is devoid of any extraordinary circumstances that would prevent Thompson from filing within one year of re-sentencing. The district court found this much as well and reasonable jurists could not debate whether the court's refusal to toll the statute of limitations was an abuse of discretion. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (recognizing that we review a district court's equitable tolling decision for an abuse of discretion). In reaching this conclusion, we emphasize that the merits of Thompson's underlying habeas claims play no part in the equitable tolling analysis. *See* 28 U.S.C. § 2244(d)(1).

Based on the foregoing, we DENY a certificate of appealability. We GRANT Thompson's motion to proceed *in forma pauperis* but DENY all other outstanding motions and DISMISS this appeal.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge