FILED
United States Court of Appeals
Tenth Circuit

October 19, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JARRELL FRAZIER,

    Petitioner - Appellant,

v.

FNU BROWN; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

    Respondents - Appellees.

No. 22-2022
(D.C. No. 1:19-CV-00248-MV-SMV)
(D. N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**

---

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.

---

Petitioner Jarrell Frazier, proceeding pro se,[1] seeks a certificate of appealability

("COA") to challenge the dismissal of his 28 U.S.C. § 2254 habeas petition. The district

court dismissed his petition as time-barred. Thus, for Frazier to obtain a COA, he must

show that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v.*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Frazier is a pro se litigant, we liberally construe his filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), without acting as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*McDaniel*, 529 U.S. 473, 484 (2000). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we deny a COA and dismiss this matter because the district court's ruling is not reasonably debatable.

## BACKGROUND

In February 2004, a New Mexico jury convicted Frazier of multiple felonies. Frazier was sentenced to life imprisonment, plus 21 years. Frazier directly appealed his conviction to the New Mexico Supreme Court.[2]

In July 2007, the New Mexico Supreme Court vacated one of Frazier's convictions, affirmed his remaining convictions, and remanded for resentencing. On October 10, 2007, the state court entered an amended judgment, slightly modifying his original sentence. Frazier did not appeal this amended judgment.

On April 15, 2008, Frazier filed a state habeas petition, alleging ineffective assistance of counsel. The state court denied the petition. The New Mexico Supreme Court, however, reversed and remanded for an evidentiary hearing.

For almost nine years, Frazier's state habeas petition remained pending. Then, on March 6, 2017, after an evidentiary hearing, the state court denied his petition. Frazier sought review of the state court's denial with the New Mexico Supreme Court. On March 21, 2018, the New Mexico Supreme Court denied his petition for certiorari.

On March 19, 2019, Frazier submitted this § 2254 petition in federal district court. The district court ordered Frazier to show why his petition was not time-barred. After

---

[2] Criminal defendants in New Mexico may directly appeal to the New Mexico Supreme Court if sentenced to death or life imprisonment. N.M. R. App. P. 12-102(A)(1).

reviewing his response, the court dismissed his petition as untimely because Frazier had failed to account for a five-month window during which the clock for his habeas petition was running. Frazier filed a motion for reconsideration under Federal Rule of Civil Procedure 60(b), which the district court also denied.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner must file a § 2254 petition within one year of the state court's judgment becoming final. *See* 28 U.S.C. § 2244(d)(1). A state court's judgment becomes final upon conclusion of direct review or once the time to seek review expires. 28 U.S.C. § 2244(d)(1)(A). Under New Mexico law, a criminal defendant has 30 days after entry of judgment to file an appeal. N.M. Stat. Ann. § 39–3–3(A)(1) (setting a 30–day limitation period for a criminal defendant to appeal, running from the entry of judgment).

Here, the district court found Frazier's petition to be untimely because he had failed to account for a five-month window during which the clock for his § 2254 petition was running. We agree with the court's analysis.

Because Frazier's amended judgment was entered on October 10, 2007, his one-year limitations period started running, at the latest, on November 12, 2007—when the time for him to seek review of the amended judgment expired. And it continued to run until April 15, 2008—when he filed his state habeas petition. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) ("The one-year period of limitation for filing a federal habeas petition is tolled or suspended during the pendency of a state application for post-

conviction relief properly filed during the limitations period." (citing 28 U.S.C.

§ 2244(d)(2))).

So although Frazier filed his § 2254 petition on March 19, 2019—almost exactly

one year from when the New Mexico Supreme Court denied certiorari on March 21,

2018—he failed to account for the five-month period between November 2007 and April

2008 during which the clock was running. *See* R. at 82. This makes his § 2254 petition

untimely.

Still, Frazier argues that we should overlook his untimeliness because he is

entitled to equitable tolling based on the numerous errors involved in his original

conviction. This argument fails because it focuses on the merits of Frazier's underlying

habeas petition, and we have held the merits of a habeas petition "play no part in the

equitable tolling analysis." *Lee v. Bigelow*, 555 F. App'x 806, 809 (10th Cir. 2014).

We thus conclude that no reasonable jurists could debate the district court's

dismissal of Frazier's habeas petition as time-barred.

## CONCLUSION

For these reasons, we deny Frazier's request for a COA and dismiss the appeal.[3]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] We grant Frazier's motion to proceed in forma pauperis.

4